**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**             Case No: 04-20063-01-JWL

**SHAVAR WALKER (01),**

        **Defendant.**

**ORDER**

On the 14th day of March, 2008, the defendant moved the Court to reduce his sentence in accord with the authority granted in 18 U.S.C. § 3582(c) and the March 3, 2008, operational guideline amendment to the crack cocaine provision in §2D1.1. The government opposes the motion. Upon consideration of the submissions of the parties and the factors set out in 18 U.S.C. §3553(a), the court finds that the defendant should be granted a two level reduction of his total offense level and that his sentence of 156 months should be modified to a sentence of 128 months. All other aspects of the original Judgment and Commitment Order shall remain the same.

The defendant's request to be resentenced to 110 months is denied. That is a request for a sentence at the low end of the revised Guideline range. But, Mr. Walker was originally sentenced nearer the high end of the then prevailing Guideline range and the court believes his sentence should remain near the high end of the revised Guideline range in order to achieve a sentence which comports with the factors set out at 18 U.S.C. §3553(a). A sentence of 128

months is roughly proportional to where his original sentence fell within the range.

The court also declines to follow the government's request that the motion be denied in its entirety because of disciplinary violations. Although very troubling to the court, the court concludes that these should not bar the defendant from relief. The court concludes that the Bureau of Prisons has adequate sanctions at its disposal to address violations, such as denial of good time and imposition of administrative segregation. If Mr. Walker's infractions were deemed serious enough, he could be prosecuted for any crimes he may have committed. But to deny the adjustment would ignore the underlying policy guidance of the Sentencing Commission that the large disparity formerly prevailing in sentencing for crimes involving cocaine in its powder and base forms simply is not justified.

IT IS THEREFORE ORDERED by the Court that the sentence of the Defendant will be reduced from 156 months to 128 months.

Dated this 12th day of May, 2008, at Kansas City, Kansas.

s/   John W. Lungstrum
John W. Lungstrum
United States District Judge
